**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Jarrod A. R. Villareal, Respondent,

v.

Maria M. M. Caspillan, Appellant.

Appellate Case No. 2017-000535

———————

Appeal From Sumter County
Angela R. Taylor, Family Court Judge

———————

Unpublished Opinion No. 2019-UP-118
Submitted February 1, 2019 – Filed March 27, 2019

———————

**AFFIRMED**

———————

M. Rita Metts, of Metts Law Firm, of Columbia, for Appellant.

William Ceth Land, of Land Parker & Welch, PA, of Manning, for Respondent.

———————

**PER CURIAM:** Maria M. M. Caspillan (Mother) appeals the family court's order granting custody of her two minor children (the children) to Jarrod Villareal (Father). On appeal, Mother argues the family court erred by (1) failing to require the parties to participate in mandatory mediation prior to conducting a contested custody hearing, (2) failing to recuse itself based on its prior involvement in the

case, (3) failing to stay the case during Mother's appeal, and (4) removing the children from Mother and transferring custody to Father.  We affirm.

1.  Mother argues the family court erred in failing to require the parties to participate in the mandatory mediation prior to holding the contested custody hearing.  However, Mother did not raise this issue to the family court.  *See Doe v. Doe*, 370 S.C. 206, 212, 634 S.E.2d 51, 54 (Ct. App. 2006) ("To preserve an issue for appellate review, the issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the [family] court.").  Thus, we find this issue was not preserved for appellate review.

2.  Although Mother argues Judge Angela R. Taylor erred in failing to recuse herself, Judge Taylor never ruled on Mother's motion to recuse; rather, Judge Taylor declined to rule on the motion because it was not filed with the family court.  Accordingly, because Judge Taylor did not address the merits of Mother's motion to recuse, this issue is not preserved for appellate review.  *See id.*

3.  The family court did not abuse its discretion in denying Mother's motion to stay. *See Stoney v. Stoney*, 422 S.C. 593, 594 n.2, 813 S.E.2d 486, 486 n.2 (2018) (per curiam) (noting "the standard for reviewing a family court's evidentiary or procedural rulings" is "an abuse of discretion standard").  Although Mother's motion explained what orders she appealed and contained a request for the family court to stay the effect of the orders on appeal, the remainder of the motion asserted arguments for custody of the children.  Mother failed to argue why a stay was necessary.  Therefore, the family court did not abuse its discretion in denying her motion.

4.  The family court did not err in granting joint custody to the parties with primary custody to Father.  *See Simmons v. Simmons*, 392 S.C. 412, 414, 709 S.E.2d 666, 667 (2011) (providing that on appeal from the family court, this court reviews factual and legal issues de novo); *see also Lewis v. Lewis*, 392 S.C. 381, 385-86, 709 S.E.2d 650, 652 (2011) (noting that although this court reviews the family court's findings de novo, it is not required to disregard the fact that the family court, which saw and heard the witnesses, was in a better position to evaluate their credibility and assign comparative weight to their testimony).  First, the family court did not err in making an initial custody determination.  Although Mother relies on Father's statements in his initial complaint as support for her contention that she had been granted primary custody, the statements in Father's complaint are not tantamount to a court's initial custody ruling.  Moreover, the parties' divorce decree notes there were two children of the marriage but states the court "does not

need to exercise its power under the Children Act 1989 with respect to any of them nor give any direction under S41(2) of the Matrimonial Causes Act 1973." Neither party provided any other documentation showing a court made an initial custody determination. Accordingly, the family court did not err in making an initial custody ruling.

Second, the family court did not err in granting Father primary custody. *See Simmons*, 392 S.C. at 414, 709 S.E.2d at 667 (providing that on appeal from the family court, this court reviews factual and legal issues de novo). Section 63-15-240(B) of the South Carolina Code (Supp. 2018) provides seventeen factors the court may consider when making a custody arrangement in the best interest of the children. Under section 63-15-240(B)(6), the court may consider "the actions of each parent to encourage the continuing parent-child relationship between the child and the other parent . . . including compliance with court orders." Reviewing the record de novo, the evidence supports both Mother and Father as fit, suitable parents for the children. However, Father testified extensively regarding Mother's lack of cooperation in facilitating a relationship between him and the children beginning in February 2014. The family court found that despite Mother's assertions about her willingness to allow Father to have contact with the children, her actions throughout the case demonstrated otherwise, and it "appeared to the [c]ourt that [Father] would be the parent who would foster a relationship between the children and Mother." This court typically defers to the credibility findings of the family court and is reluctant to substitute its own judgment for that of the family court in custody disputes. *See Shirley v. Shirley*, 342 S.C. 324, 329, 536 S.E.2d 427, 429 (Ct. App. 2000) ("Because the appellate court lacks the opportunity for direct observation of witnesses, it should accord great deference to trial court findings whe[n] matters of credibility are involved."). Father testified he desired to coparent and communicate with Mother in raising the children. Further, Father demonstrated his desire to facilitate a relationship between Mother and the children when the children lived with him in late 2015. For example, he took the children to visit Mother's family and invited Mother to join them, and he purchased tablets for the children and set up video chat accounts so the children could speak to Mother at any time. Father stated that if he were granted primary custody, he would continue to foster the same type of relationship between Mother and the children as he did when the children previously lived with him. Therefore, we affirm the family court granting Father primary custody.

**AFFIRMED.**[1]

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

**HUFF, THOMAS, and KONDUROS, JJ., concur.**